### Benjamin C. Cummings *versus* Benjamin J. Herrick.

A suit having been brought against several upon a note of hand, as joint
endorsers, and the writ, by leave of court, having been amended by strik-
ing out the names of all the defendants but one ; in an action against
another of these, as a several endorser ; the amended writ, if admissible,
taken in connection with the notes and the endorsements thereon, and
the testimony in this case, will not authorize a jury to find the fact of
a joint endorsement.

Notarial protests relied on by the plaintiff and testified to by the notary as
genuine, corresponding with his notarial record, and descriptive of the
notes in suit, are sufficient evidence to charge the endorser upon such
notes ; and the production by the defendant of other and like notices
can have no tendency to invalidate those relied upon or to show the want
of legal notice.

REPORTED by GOODENOW, J.

Assumpsit upon six promissory notes, the history of which fully appears in the opinion of the court.

*Wm. G. Chadbourn,* counsel for plaintiff.

*F. O. J. Smith,* counsel for defendant.

MAY, J.   In this case a verdict was rendered for the plaintiff, subject to the opinion of the full court upon the single question of the admissibility and effect of certain evidence offered in defence at the trial, which was excluded by the presiding judge.   By the agreement of the parties as recited in the conclusion of the report, if the rejected evidence was admissible, and would have been a defence to the suit, the verdict is to be set aside and a new trial granted; otherwise judgment is to be entered on the verdict.

1.   It appears from the testimony of E. L. Cummings that he brought, as attorney to the plaintiff, two suits upon the six notes now declared on, in which all the persons whose names appear upon the back of said notes were sued as joint endorsers ; one of which suits was discontinued, and in the other the writ, by leave of court, was amended by striking out the names of all the defendants but one, against whom, as a several endorser, the action aforesaid proceeded.   The counsel in defence proposed sending this amended writ to the jury in connection with the testimony of E. L. Cummings, for the purpose of establishing the fact that the defendant was only one of several joint endorsers of the notes in suit, and that the plaintiff in receiving said notes understood and treated the defendant as a joint endorser with the other persons whose names were upon the back thereof.   If such amended writ was admissible, we are clearly of opinion that it was insufficient, when taken in connection with the notes and the endorsements thereon, and the testimony of said Cummings, to authorize the jury to find the fact of a joint endorsement, as was contended in defence.   The first endorsee is the payee in all the notes, and his endorsement was necessary to negotiate them, and in the absence of con-

trolling proof the law presumes that he placed his signature upon the notes for that purpose; and that the other persons whose names are thereon were subsequent endorsers in the order in which their names stand. The fact that the plaintiff, by his attorney, sued them all jointly, may more properly be regarded as a mistake of the plaintiff in regard to the law of his remedy, than an admission, understandingly made, that the contract of endorsement was joint. At any rate, in our judgment such fact has not sufficient weight to overcome the natural presumptions of law arising upon the face of the notes and the manner of the endorsement.

2. It appears from the report of the case that the plaintiff introduced and read the notes declared on with the notary's certificates of notices and protests exactly corresponding with each of the six notes in suit. The admission of these protests was objected to, without further proof of the authenticity of the certificates and protests, and of the identity of the notes described therein. The objection was overruled by the presiding judge, and they were admitted. The defendant, having subsequently proved by the testimony of Mr. Ilsley, the notary, the authenticity of the protests, if not the identity of the notes, no question is now raised upon the report of the case in relation to the propriety of their admission.

In the progress of the trial it next appears that the defendant exhibited eight original notices issued by said Ilsley to him, corresponding in date and amount with five of the six notes declared on; but Ilsley testifies that his record shows that he protested other notes of the same date and amount with each and all the notes in suit, and that he was unable to identify the particular notice which was issued by him upon each of said notes. The protests relied on by the plaintiff are testified to by Mr. Ilsley as genuine, and they appear to correspond with his notarial record; and upon examination, are found to be exactly descriptive of the notes in suit. Under such circumstances it is not perceived how other notices, precisely like those produced by the plaintiff,

can have any tendency to invalidate the protests relied on, or to show that the defendant had not the legal notice necessary to charge him as endorser upon the notes described in the plaintiff's writ.

*Judgment on the verdict.*